

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 11 2002

Michael N. Milby, Clerk of Court

THE UNITED STATES OF AMERICA
PLAINTIFF,

v.

MANUEL ALBERT MARTINEZ
DEFENDANT

B-02-108

C.A. B-01-199
Cr. No. B-98-394-01

Motion Request Bureau of Prisons, Under Control of The
Department of Justice To Comply With The American With
Disability Act of 1990 (ADA) and Provide Accessibilty To All
Bathroom Facilities at the Federal Medical Center, Fort Worth
Texas, That Conditions As Exist are Subjecting Defendant to
Cruel and Unusual Punishment Due to Bureau of Prisons and
Department of Justice Not Complying With Federal Laws.

To The Honorable Judges of Said Court:

The Southern District issued a Judgement against defendant in January 2000. Bureau of Prisons assigned defendant to the Federal Medical Center in Fort Worth, Texas for chronic medical care. Defendant has determined that the facility is not in compliance to the American with Disability Act of 1990 (ADA) and is not providing adequate access as required by federal law in regard to handicapped wheelchaired inmate. That the Bureau of Prisons and the Department of Justice has known and allowed these conditions for several years, defendant will respectfully show the court conditions are in violation of federal law and defendant has been subjected to those conditions per this courts judgement.

I

Manuel Albert Martinez, plead guilty to counts three (3), five (5) and seven (7), in violation of 18 U.S.C. 1341 (mail fraud) 18 U.S.C. 666 (a) (1) (A) (b) & 18 U.S.C. 20 (Theft from Organizations receiving federal funds), and 18 U.S.C. 1956 (a) (l) (B) (l) (Money Laundering). He was sentenced to serve fifty-seven (57) months in the Bureau of Prisons on each count to run concurrently and a three year term of supervised release on each count also to run concurrent. The court did not impose a fine, but did impose a one-hundred dollar special assessment for each count for a total of $300.00. The court also ordered Mr.Martinez to pay restitution in the amount of $953,322.07 in 35 equal payments beginning 30 days after commencement of the term of supervised release.

II

The defendant arrived at the Federal Medical Center in March 2000 per Bureau of Prison designation. During custody defendant realized the Bureau of Prisons (BOP) did not adequately provide access to wheelchaired inmates and this was discriminatory in its practices regarding accessibilty. The discriminatory issue is prohibited by Bureau of Prison in its Program Statement #1040.03, dated April 18, 1994, becoming effective April 6, 1994 During the course of confinement defendant had problems in accessing bathroom areas in recreation and kitchen areas. Bureau of prison advised defendant to initiate the administrative remedy procedure. The conditions evidently had existed for many years thus confirming BOP was not and had not been in compliance to federal laws in regard to accessibility. These conditions were forced upon defendant by acts of negligence of the Bureau of Prisons.Enclosed to this motion are two (2) complaints filed both support these facts:

1. Conditions had existed for several years and Bureau of Prisons never attempted to correct until complaint was filed.
2. Bureau of prisons was aware federal law complinace was questionable and allowed defendant to live in these conditions nor did BOP advise respective court of facility accessibility problems.
3. The judgement of this respective court forced these conditions upon defendant conditions which are prohibited by the U.S. Constiutition.

During the course of the administrative remedy procedure little improvements were made. Even with improvements made conditions are still in violation of law. At present any court would recognize upon inspection of said facilities that BOP did not make an honest attempt to remedy these issues. When a handicapped individual is unable to use bathroom facilities, which BOP affirms is accessible. This supports BOPs' deliberate indifference to the rights of the disabled.

### III

Defendant prays this court recognize the right of defendant to be confined in a safe humane and secure environment to insure compliance with court ordered sanctions. The fact that this defendant was forced to urinate on himself based on BOP not allowing access to recreation area bathrooms confirm deliberate negligence. Request this court issue a decree and/or motion to insure BOP provides adequate access to this defendant and the court recognize these conditions were forced upon defendant by non-compliance to federal law. That this court be held under full compliance to all federal laws in particular the American with Disability Act. of 1990 and provide equal access to all of the disabled. Defendant prays court to intercede on this matter.

Respectfully submitted,

*[signature]*

Manuel Albert Martinez
#88613-080
Federal Medical Center
P.O. Box 15330
Fort Worth, Texas 76119