IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL A. MARTINEZ, §
Plaintiff, §
§
v. § C.A. No. B-02-108
§
UNITED STATES OF AMERICA, §
Defendant. §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is plaintiff's 42 U.S.C. § 1983 complaint alleging the United States Government subjected him to Eighth Amendment violations when it incarcerated him in several Texas county jails. For the reasons outlined below, it is recommended Plaintiff's claims be dismissed.

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

Plaintiff, proceeding *in forma pauperis*, has filed a 42 U.S.C. § 1983 complaint. Although plaintiff was convicted of several federal crimes, in the past few years he has been incarcerated in various Texas county facilities. While he is currently on house arrest, plaintiff has been incarcerated in the Victoria County Jail, the Harris County Jail and the Cameron County Jail in the past. He complains that these facilities subjected him to conditions in violation of federal law and the Constitution.

## ANALYSIS

Plaintiff's complaint is slim. Essentially, plaintiff argues that three jails in the Southern District of Texas subjected him "to conditions in violation of federal laws and forced [him] into these facilities which were nothing more than cesspools" (D.E. 1). He makes the blanket allegation that these conditions violated his Eighth Amendment right to be free from the imposition of cruel and unusual punishment. Plaintiff's complaint should be dismissed as frivolous.

Plaintiff does not say what these conditions were or how they have harmed him. In fact, his claim is lacking in such specifics as when these events occurred and who violated his rights. Most importantly, plaintiff has made no allegation of any injury to himself as a result of the jails' conditions. "To establish an Eighth Amendment claim, the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 to require the district court to dismiss *in forma pauperis* prisoner complaints when the court determines the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is 'frivolous' when it lacks an arguable basis in either law or fact. Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). Because plaintiff has not set forth specific facts that allege a violation of his civil rights, his complaint should be dismissed as frivolous.

## RECOMMENDATION

For the reasons stated above, Manuel Alberto Martinez's 42 U.S.C. § 1983 Application should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of August, 2002.

Felix Recio
United States Magistrate Judge