UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 7 2002

Michael N. Milby
Clerk of Court

**UNITED STATE OF AMERICA**

VS

**MANUEL ALBERT MARTINEZ**

B-02-108

CR. NO. B-98-394-01

MOTION REQUESTING THE BUREAU OF PRISONS
AND ITS CONTRACTOR CORRECTIONAL SYSTEMS INC./REALITY HOUSE INC. COMPLY
WITH THE AMERICAN WITH DISABILITY ACT OF 1990 AND THE REHABILITATION ACT OF
1973 BECAUSE GOVERNMENT AND CORRECTIONAL SYSTEMS, INC. A FEDERAL HALFWAY
HOUSE CONTRACTOR HAVE NOT COMPLIED WITH FEDERAL LAW SUBJECTING
DEFENDANT TO CIVIL RIGHTS VIOLATIONS BECAUSE OF NON COMPLIANCE TO FEDERAL
LAWS.

TO THE HONORABLE JUDGES OF SAID COURT:

During custodial custody of the Bureau of Prisons and its halfway house contractor Correctional Systems, Inc. Operating as Reality House Inc. defendant was subjected to conditions which were and are presently in violation of federal law. The defendant will respectfully show the court as follows:

I

MANUEL ALBERTO MARTINEZ, pled guilty to counts three (3), five (5), and seven (7), in violation of 18 U.S.C. 1341 (Mail Fraud), 18 U.S.C. 666 (a) (1) (A) (b) & 18 U.S.C. 20 (theft from Organization receiving Federal Funds), and 18 U.S.C.1956 (a) (1) (B) (1) (Money Laundering). He was sentenced to serve fifty-seven (57) months in the Bureau of Prisons on each count that was to run concurrently and a three year term of supervised release on each count and also, that was to run concurrently. The court did not

impose a fine but did impose a one-hundred dollar special assessment for each count for a total of $300.00. The court also ordered Mr. Martinez to pay restitution in the amount of $953,322.07 in 35 equal monthly installments of $27,237.78 per payment beginning 30 days after the commencement of the term of supervised release.

II

Defendant was confined to home confinement by the Bureau of Prisons on May 1, 2002. Correctional Systems, Inc./Reality House Inc. could not accommodate the defendant so they allowed extended home confinement. During home confinement the Bureau of Prisons requested defendant attend weekly counseling session for drug abuse. The defendant had earlier requested the drug program and Bureau of Prisons noted defendant did not qualify, EVEN THOUGH THE COURT HAD ORDERED THE GOVERNMENT DID NOT COMPLY WITH THE PLEA AGREEEMENT SIGNED WITH THE DEFENDANT. The Defendant subsequently volunteered for the 40 hour drug course in March 2002.

III

Defendant visited the Reality House, Inc. (halfway house) every week for several weeks, the defendant was carried into the building because the facility does not have a ramp or does it have handicapped facilities and thus is discriminating against the handicapped. Defendant found it difficult to attend but attended all sessions in good faith. On one occasion the defendant needed to use the bathroom facilities, defendant had to be carried into bathroom facilities because the facilities were not accessible. Under federal law all contractors are required to access facilities to the handicapped and are required not to have discriminatory policies. The defendant was forced into these conditions by the Bureau of Prisons and its contractor Correctional Systems, Inc. (Reality House Inc.) located at 405 East Washington, Brownsville, Texas. Defendant request the court order the Department of Justice/Bureau of Prisons and its halfway contractor Correctional Systems Inc. (Reality House, Inc.) comply with all federal laws and insure all facilities are accessible to the handicapped and disabled. That this court recognize the rights of the disabled and the Bureau of Prisons and all contractors have and should be required to comply with all laws and the Bureau of Prisons is negligent in not overseeing contracted facilities.

IV

Let this court also recognize the Bureau of Prisons was aware the facilities were not in compliance to federal laws and still allowed the defendant to be assisgned to the facility knowing the facility could not accommodate the defendant. That the Bureau of Prisons was advised the weekly visits were difficult but ignored all notices. Thus the Bureau of Prisons exempted itself from the law and forced defendant to attend

weekly visits to the halfway house which was not accessible. Bureau of Prisons also deliberately made no attempt to secure medical records of defendant even after several notices were made thus affirming the Bureau of Prisons deliberate indifference.

## V

Defendant prays this court intervene on these issues to insure the facilities are in compliance to law also that this respective court recognize the government did not comply with the plea agreement signed with the defendant. The records at the Bureau of Prisons will confirm these facts. The court intervention is needed to insure all the disabled are allowed equal access and all respective court orders be administered and complied to insure civil rights violations do not occur.

Dated this 26th day of July, 2002.

Respectfully Submitted,

Manuel Alberto Martinez
88613-080
602 Scotch St., Apt. 7
Harlingen, Texas 78550