

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2002

Michael N. Milby
Clerk of Court

MANUEL A. MARTINEZ
Plaintiff,

V.

C.A. No. B-02-108

UNITED STATES OF AMERICA
Defendant.

<u>OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Manuel A. Martinez, plaintiff who filed under 42 USC 1983 complaint alleging Eighth Amendment violations while incarcerated in several Texas county jails, all facilities under contract with the U.S. Department of Justice by the United States Marshall's Office. That the violations continued prior and after sentencing and violated plaintiffs rights and subjected him to cruel and unusual punishment. Magistrate notes the plaintiff complaint should be dismissed because plaintiff does not specify the exact conditions nor how they harmed him. Plaintiff herewith specifies all allegations and describes all conditions which Plaintiff was forced to endure under custody of the U.S. Government. All allegations can be fully documented by records at each facility and in regard to the accessibility an inspection by qualified personnel will confirm all allegations by plaintiff to be true and that in fact all facilities did not comply with the American with Disability Act of 1990, and were in violation of section 504 of the Rehabilitation Act of 1973 which prohibit discrimination against the disabled and violations of Health and Safety requirements as required by the U.S. Occupational Safety and Health Administration (OSHA). Finally that all these violations subjected plaintiff to cruel and unusual punishment.

    On July 1998 thru Dec. 3, 1998 and from June 4, 1999 thru Jan. 31, 2000, plaintiff was housed in the Cameron County Jail located at 954 East Harrison St., and in the Detention Center located at 1145 East Harrison, Brownsville, Texas. While in custody a the Detention Center plaintiff was forced to drag himself on the floor because the facility would not allow wheelchairs in the holding cells. While in the main jail facility at 954 East Harrison plaintiff was not allowed a wheelchair and thus deprived

of simple human needs. At this location defendant was forced to use shower facilities that were not accessible and forced undue hardship on plaintiff. On one incident on July 10, 1999 plaintiff fell down because staff did not provide adequate supervision nor was the shower area accessible, thus violating the ADA law and subjecting plaintiff to cruel and unusual punishment by facilities not in compliance to federal law. In regard to medical treatment and evaluation the facility did not provide adequate care in a timely manner. In June 3, 1999 plaintiff advised staff of rectal bleeding staff documented incident but did very little to resolve plaintiff continued to complain for several months until Sept. 20, 1999 when surgery was performed. Thus again staff allowed plaintiff to suffer for several months before acting and forced plaintiff to suffer due to non action. All facts are fully documented and affirm gross negligence by staff and administrative personnel of facility.

On December 3, 1998 thru December 16, 1998 while in custody at the Victoria County Jail located at 101 North Glass St. in Victoria, Texas, plaintiff was held for several days pending to be moved to Federal Medical Center in Rochester, Minnesota. The plaintiff at this facility was not provided a wheelchair and was forced to drag himself on the floor to move within the cell. In addition plaintiff was not provided correct medication until several days after arrival for whatever unkown reason, thus again plaintiff was forced to be without medication and forced to drag himself like an animal all under custody of the U.S. Government. The records at Victoria County Jail will confirm these facts. These conditions are malicious and were done intentional are considered cruel and unusual punishment which is prohibited by law. In addition the incidents confirm violation of the American with Disability Act of 1990 and violation of section 504 of the Rehabilitation Act of 1973, and basically an eighth amendment right violation.

On Dec. 16, 1998 thru December 21, 1998 and in May 1999, plaintiff was moved to the Harris County Jail located at 1302 Franklin Street in Houston, Texas by the U.S. Marshalls Office. Again at this location plaintiff was forced to drag on the floor since Harris County did not provide a wheelchair for plaintiff to use in the holding cell,. Thus plaintiff was forced to drag himself with help of others due to the actions of Harris County, the holding facility used by the U.S. Marshall's Office all under control of the Department of Justice. All these actions affirm the U.S. Marshall's office was negligence in not providing adequate supervision the facilities and thus forced conditions on plaintiff which subjected him to conditions which are prohibited by federal law. In addition staff at this facility is also negligent in allowing these conditions knowing fully well these conditions are in violation of law.

The U.S. Government, the U.S. Marshalls who contract with all holding facilities and all three facilities, Cameron County, Victoria County and Harris County are and violated plaintiff rights during custody. Plaintiff was forced into conditions which affirm gross negligence in by each facility and facts will affirm all are liable for all suffering suffered by plaintiff. The Sheriffs of each respective county, the supervisor of the U.S. Marshall's Service is liable for all acts of omission and lack of supervision as well as allowing facilities to violate federal law. During the course of confinement

the plaintiff was forced into conditions that were "egregious and flagrant" and were a pattern of resistance to plaintiffs full enjoyment of constitutional rights.

Plaintiff prays the court recognize that all facilities must comply with federal laws and must be operated to provide the disabled simple basic needs while in custody to insure eight amendment rights are not violated against the disabled. That this objection be heard on its merits so plaintiff can take this issue into this respective court so a jury can hear all facts. Plaintiff prays this court recognize the facilities are in need of more adequate supervision to insure the rights of all are protected as the U.S. Constitution requires.

Dated this 13th day of August, 2002.

                                                  Respectfully submitted,

                                                  Manuel A. Martinez
                                                  602 Scotch St., Apt. 7
                                                  Harlingen, Texas 78550